### FULLER BUGGY CO. v. WALDRON.

(Supreme Court, Appellate Division, Third Department. June 27, 1906.)

TROVER AND CONVERSION—QUESTION FOR JURY.

In an action for the conversion of buggies, *held* a question for the jury whether plaintiff was the owner of the property, and whether defendant had converted the same.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trover and Conversion, §§ 288–290.]

Appeal from Special Term.

Action by the Fuller Buggy Company against Adelbert Waldron. From a judgment of nonsuit and dismissal of the complaint, plaintiff appeals. Reversed.

See 94 N. Y. Supp. 1017, 97 N. Y. Supp. 730.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

N. B. Spalding, for appellant.

James A. Leary, for respondent.

JOHN M. KELLOGG, J. We may assumed that the defendant received the wagons as a purchaser. Immediately after the delivery, plaintiff became alarmed as to the defendant's financial condition, and sought the return of his property or payment, and brought an action for such purpose; and the attorney appearing for the defendant in that action agreed with the plaintiff's attorney that the wagons were at the plaintiff's disposal, to have the same returned if he wished, and the action was discontinued. Defendant wrote plaintiff, "If you wish, you may consign them to me," and asked its permission to sell one for a $100 note. While the plaintiff did not reply to this letter, later it inquired if the consigned goods were on hand, to which defendant replied he had disposed of three wagons, and when asked for the money said he did not have it. He thus clearly knew that the plaintiff understood the remaining two wagons were with him on consignment. There was sufficient evidence for the consideration of the jury that the plaintiff was the owner of its wagons, and that the defendant had converted its property or the proceeds thereof.

The judgment should be reversed, with costs to the appellant to abide the event. All concur.